Michael D. Corey
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue, Suite 1100
Anchorage, AK  99501
(907)276-6363
(907)276-3528

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| Loren J. Larson Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| Alaska Dept. of Corrections | ) |
| Mark Antrim Commissioner | ) |
| of Alaska Dept. of | ) |
| Corrections, | ) |
| | ) |
| Defendants. | ) |
| | ) Civil No. A06-00100CV (TMB) |

<u>DEFENDANTS, ALASKA DEPARTMENT OF
CORRECTIONS AND ANTRIM'S ANSWER TO PLAINTIFF'S COMPLAINT</u>

Defendants, State of Alaska, Department of Corrections ("ADOC") and Marc Antrim, for their answer to Plaintiff's Complaint, admit, deny and allege as follows:

I.

These answering Defendants deny each and every allegation of Plaintiff's Complaint which is not specifically admitted, denied or otherwise plead to.

1

## JURISDICTION

II.

In answering Paragraph 1 of Plaintiff's Complaint, Defendants assert the statements contained are characterizations of Plaintiff's claims to which no response is required by Defendants.

III.

In answering Paragraph 2 of Plaintiff's Complaint, Defendants deny that jurisdiction and venue is proper in the Superior Court for the State of Alaska, Third Judicial District at Anchorage as identified in Paragraph 2 of Plaintiff's Complaint. Defendants assert instead that jurisdiction and venue is appropriate in the Federal District Court for the District of Alaska pursuant to the removal of this action on April 28, 2006. Defendants deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

## PARTIES

IV.

In answering Paragraph 3 of Plaintiff's Complaint, Defendants admit that Loren J. Larson, Jr. is currently incarcerated at Florence Correctional Center.

V.

In answering Paragraph 4 of Plaintiff's Complaint, Defendants admit that Marc Antrim is the Commissioner for the State of Alaska Department of Corrections.  Defendants deny the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

VI.

In answering Paragraph 5 of Plaintiff's Complaint, Defendants deny the allegations set forth in Paragraph 5.

VII.

In answering Paragraph 6 of Plaintiff's Complaint, Defendants admit only that Loren J. Larson, Jr. is currently incarcerated at Florence Correctional Center in Florence, Arizona, which is owned and operated by Corrections Corporation of America.

VIII.

Defendants deny the allegations contained in paragraphs 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20  and 21 of Plaintiff's Complaint.

## CLAIMS
## FIRST CAUSE OF ACTION

IX.

Defendants incorporate their answers to paragraphs 1 thru 21 as if incorporated herein by this reference.

X.

Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

XI.

Defendants incorporate their answers to paragraphs 1 thru 22 as if incorporated herein by this reference.

XII.

Defendants deny the allegations contained in paragraphs 23 of Plaintiff's Complaint.

## RELIEF

XIII.

Defendants incorporate their answers to paragraphs 1 thru 23 as if incorporated herein by this reference.

XIV.

Defendants deny the allegations contained in paragraph 24, and sub-parts A, B, and C, of Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

XV.

As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

XVI.

As a separate defense, or in the alternative, Defendants allege that Plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), prior to filing suit, thereby warranting dismissal of this case.

XVII.

As a separate defense, or in the alternative, Defendants allege that Plaintiff did not suffer any actual injury as a result of any actions by Defendants, thereby warranting dismissal of this lawsuit.

XVIII.

As a separate defense, or in the alternative, Defendants alleges that it was acting in good faith, thereby warranting dismissal of this lawsuit.

XIX.

As a separate defense, or in the alternative, Defendants allege that the Plaintiff's allegations of wrongdoing arose as a result of his own negligence and/or intentional conduct, and not

the acts or omissions of Defendants, thereby warranting dismissal of this lawsuit.

XX.

As a separate defense, or in the alternative, Defendants allege that the Plaintiff was contributorily negligent, thereby reducing or eliminating damages owed by Defendants.

XXI.

As a separate defense, or in the alternative, Defendants allege that the Plaintiff's allegations of wrongdoing arose as a result of the negligence and/or intentional conduct of a person, persons or entity not party to this lawsuit, and not the acts or omissions of this answering Defendants, thereby reducing or eliminating damages owed by Defendants.

XXII.

As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent, including but not limited to, willful and wanton conduct or conduct otherwise motivated to make a profit as is necessary to sustain a cause of action against Defendants, thereby warranting dismissal of this lawsuit.

XXIII.

As a separate defense, or in the alternative, Defendants allege that someone other than Defendants is responsible for

Plaintiff's injuries, thereby reducing or eliminating damages owed by Defendants.

### XXIV.

As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to set forth a grave deprivation in regard to his allegation of wrongful conduct by Defendants, thereby warranting dismissal of this lawsuit.

### XXV.

As a separate defense, or in the alternative, Defendants allege that Plaintiff's claims are barred by the statute of limitations.

### XXVI.

As a separate defense, or in the alternative, Defendants alleges that the actions or inactions alleged on the part of Defendants was not the proximate cause of any injuries, losses and damages to Plaintiff.

### XXVII.

As a separate defense, or in the alternative, Defendants allege that this Court lacks personal and subject matter jurisdiction over this action.

### XXVIII.

As a separate defense, or in the alternative, Defendants allege that any entitlement to recovery by Plaintiff should be

prohibited in an amount commensurate with the Plaintiff's failure to mitigate damages.

### XXIX.

As a separate defense, or in the alternative, Defendants allege that any recovery by Plaintiff shall be governed by Title 9 of the Alaska Statutes.

### XXX.

As a separate defense, or in the alternative, Defendants assert that Plaintiff is not entitled to injunctive relief based on allegations contained in the Complaint.

### XXXI.

In addition to the foregoing, Defendant also reserves the right to assert affirmative defenses as may be factually appropriate as follows: arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, waiver, insufficiency of process and insufficiency or service of process.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants requests that they be dismissed, and that Defendants be awarded their costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Defendants demand a jury trial as to all triable issues.

DATED this 5th day of May, 2006.

        s/Michael D. Corey
Sandberg, Wuestenfeld & Corey
Michael D. Corey, ABA#8511130
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Phone: (907)276-6363
Fax: (907)276-3528
E-Mail: mdc@aol.com

Daniel P. Struck
Jennifer L. Holsman
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Phone: (602) 263-7310
Fax: (602) 651-7507
E-Mail: dstruck@jshfirm.com
       jholsman@jshfirm.com

*Attorneys for Defendant*

Certificate of Service

I hereby certify that on this 5th day of May, 2006 a copy of the foregoing was served electronically and by regular U.S. Mail on:

Loren J. Larson, Jr.
CCA/FCC
P.O. Box 6200
Florence AZ 85232

s/Michael D. Corey

9