**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| Loren J. Larson Jr.,<br><br>                    Plaintiff,<br><br>        v.<br><br>Alaska Dept. of Corrections, Mark Antrim, Commissioner of Alaska Dept. of Corrections,<br><br>                    Defendants. | Case No. 3:06-cv-00100(TMB) |

**MOTION TO DEPOSE PLAINTIFF IN RESTRAINTS**

Defendants, through counsel, hereby request this Court issue an Order requiring Plaintiff to appear for his deposition in full restraints. Plaintiff is an Alaskan inmate serving a lengthy prison sentence for double homicide. Requiring Plaintiff to be in restraints during his deposition is based upon the legitimate security concerns of the prison where Plaintiff is incarcerated, defense counsel, and the Court Reporter.

This Motion is supported by the following Memorandum of Points and Authorities, attached exhibits and all pleadings on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff, Loren J. Larson, Jr., is an Alaskan inmate serving a lifetime prison sentence for double homicide. *See* Affidavit of Warden Martinez attached hereto as Exhibit 1. Plaintiff is currently incarcerated at the Red Rock Correctional Center in Eloy, Arizona ("FCC"), a private prison owned and managed by Corrections Corporation

1

of America ("CCA"), which houses Alaskan inmates pursuant to a contract between CCA and the State of Alaska. *Id*.

Defense counsel requests that for security and safety reasons, Plaintiff Larson have his deposition taken in "full restraints." Full restraints consists of leg cuffs, hand cuffs, and a "belly chain" which fastens the inmate's handcuffs to a restrain around the inmate's midsection. *Id*. The full restraints, including "belly chain", prevents an inmate from full range of mobility, thus limiting the risk of assaultive behavior. *Id*. The depositions at FCC take place in a small office with only Plaintiff, defense counsel and a court reporter present. *Id*. For added safety reasons, an officer is posted outside the closed door to the office. *Id*. Because of the security risks inherent in a prison environment, the office in which the deposition takes place is a "keyed room", meaning that in order to open the door to the office, whether from the inside or the outside, requires a key. *Id*.

FCC does not have a "non-contact" visitation facility which could facilitate the taking of a deposition. *Id*. In FCC's non-contact visitation facilities, a person visiting an inmate is separated from the inmate by a clear glass window. *Id*. Verbal communication is achieved by both the visitor and the inmate speaking through a hand held telephone. *Id*. In a deposition situation, a court reporter would have no means of hearing what the inmate was saying to an attorney questioning the inmate because verbal communication can only be achieved by the attorney speaking through the telephone to the inmate. *Id*. Therefore, a court reporter would not be able to record the deposition proceedings. *Id*. Moreover, a glass barrier would prevent the

attorney conducting the deposition from the opportunity to utilize exhibits during the deposition. *Id.*

As noted, Plaintiff Larson is serving an lifetime sentence for double homicide. Restraints on his freedoms and comfort are a normal part of his daily life. The legitimate restraint of Plaintiff with handcuffs and leg cuffs during his deposition does not subject him to any punishment. Nor do the restraints prohibit Plaintiff from giving oral testimony, writing, or handling documents.

Pursuant to FED. R. CIV. P. 30, defense counsel for CCA would like to take Plaintiff's deposition about the allegations and alleged damages outlined in his Complaint. To permit Plaintiff to remain unrestrained during his deposition compromises the safety of the facility and specifically compromises the safety of defense counsel and the court reporter. Based on the legitimate penological objectives of observing the safety of defense counsel and the court reporter, as well as the safety and security of the facility as a whole, Defendants respectfully request this Court issue an Order requiring Plaintiff to appear for his deposition in full restraints.

Defendants have noticed the deposition for Tuesday, September 19, 2006 at 1:00 p.m. A copy of the Notice of Deposition is attached hereto as Exhibit 2.

Respectfully submitted this 10th day of August, 2006, at Anchorage, Alaska.

3

                                        Jones, Skelton & Hochuli,
                                        P.L.C.


                                   By      s/ Daniel P. Struck
                                        Daniel P. Struck *(Pro Hac Vice)*
                                        Jennifer L. Holsman
                                        2901 North Central Avenue
                                        Suite 800
                                        Phoenix, Arizona 85012
                                        Attorneys for Defendants,

                                        SANDBERG, WUESTENFELD & COREY
                                        Michael D. Corey
                                        ABA#8511130
                                        701 W. 8th Ave., Suite 1100
                                        Anchorage, AK 99501
                                        Attorneys for Defendants, Alaska
                                        Dept. of Corrections, Mark Antrim
                                        Commissioner of Alaska Dept. of
                                        Corrections


This is to certify that a true and
correct copy of the foregoing was
served by ( X ) mail (  ) hand (  ) fax
this 10th day of August, 2006, to:

Loren J. Larson, Jr.
CCA/FCC
P.O. Box 6200
Florence, Arizona  85232

John J. Bodick, Esq.
Assistant Attorney General
310 K Street, Suite 401
Anchorage, Alaska 99501


     s/ Carol S. Madden


                                        4