# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Loren J. Larson Jr.,<br><br>    Plaintiff,<br><br>  v.<br><br>Alaska Dept. of Corrections, Mark Antrim, Commissioner of Alaska Dept. of Corrections,<br><br>    Defendants. | Case No. 3:06-cv-00100(TMB) |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, through counsel, file this Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b) because Plaintiff failed to exhaust the administrative remedies available to him pursuant to 42 U.S.C. § 1997(e) before filing the subject lawsuit. This motion is supported by the following Memorandum of Points and Authorities and the pleadings on file with the Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.  FACTUAL BACKGROUND**

Plaintiff filed the subject Complaint on March 6, 2006, in which he alleges that his First Amendment and Due Process rights were violated while he was detained at the Florence Correctional Center ("FCC"). FCC is a facility operated by Corrections Corporation of America ("CCA"), a contract facility with the State of Alaska.

Plaintiff failed to properly exhaust the administrative remedies available to him before filing the subject litigation.

1663831.1            1

As a result, Plaintiff has failed to exhaust the administrative remedies available to him as required under the Prison Litigation Reform Act ("PLRA"). Accordingly, Plaintiff's Complaint must be dismissed.

**II.    LEGAL ARGUMENT**

    **A.    Plaintiff Failed To Exhaust His Administrative Remedies.**

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust all available administrative remedies before bringing a lawsuit.[1] The Prison Litigation Reform Act requires inmates to exhaust administrative remedies before bringing a lawsuit. Under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under § 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes important interests: "(1) deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.[2]

---

[1] *See* 42 U.S.C. § 1997e(a); *Woodford v. NGO*, 126 S.Ct. 2378 (June 26, 2006) (the PLRA requires *proper* exhaustion of administrative remedies).

[2] *Terrell v. Brewer,* 935 F.2d 1015, 1019 (9th Cir.1991).

The United States Supreme Court clarified that even inmates seeking only monetary relief must complete a prison administrative process that could provide some sort of relief, even if not monetary, before filing a § 1983 claim.[3] In *Booth*, an inmate brought a § 1983 claim against a prison seeking monetary damages after being injured as a result of the guards assaulting him. The inmate claimed that the guards over-tightened the handcuffs on his wrists, threw cleaning chemicals in his face, and then denied him medical attention for his injuries. The inmate filed a grievance through the prison's grievance procedures, but subsequently abandoned the grievance process at the appeals stage. He thereafter sued the guards and the prison claiming violations of his Eighth Amendment rights. The U.S. Supreme Court ultimately concluded that because the inmate did not exhaust all available administrative remedies, he was not allowed to pursue his § 1983 claims.[4]

Where undisputed evidence shows that a plaintiff failed to exhaust available administrative remedies prior to filing suit, summary judgment in favor of defendants on all claims not exhausted is appropriate.[5]

In this case, Plaintiff failed to file a single grievance regarding the allegations contained in Plaintiff's Complaint.[6] As a result, Plaintiff will be unable to establish

---

[3] *Booth v. Churner,* 532 U.S. 731 (2001)

[4] *Id.* at 741.

[5] *Wyatt v. Terhune*, 280 F.3d 1238, 1245-47 (9th Cir. 2002).

[6] See Affidavit of Karl Stansel, Assistant Warden, attached hereto as Exhibit 1 to this motion.

that he exhausted the administrative remedies available to him. Accordingly, Plaintiff's Complaint must be dismissed in its entirety.

**III.    CONCLUSION**

It is undisputed that Plaintiff did not follow the FCC grievance or grievance appellate process. As a result, Defendants are entitled to judgment as a matter of law and Defendants' Motion to Dismiss must be granted.

RESPECTFULLY SUBMITTED this 7th day of September, 2006 at Anchorage, Alaska.

JONES, SKELTON & HOCHULI, P.L.C.

By  s/ Daniel P. Struck
Daniel P. Struck *(Pro Hac Vice)*
2901 North Central Avenue
Suite 800
Phoenix, Arizona 85012

SANDBERG, WUESTENFELD & COREY
Michael D. Corey
ABA#8511130
701 W. 8th Ave., Suite 1100
Anchorage, AK 99501

Attorneys for Defendants, Alaska Dept. of Corrections, Mark Antrim Commissioner of Alaska Dept. of Corrections

This is to certify that a true and
correct copy of the foregoing was
served by ( X ) mail (  ) hand (  ) fax
this 7th day of September, 2006, to:

1663831.1                              4

Loren J. Larson, Jr.
CCA/Red Rock Correctional Facility
1750 East Arica Road
Eloy, Arizona  85231

John J. Bodick, Esq.
Assistant Attorney General
310 K Street, Suite 401
Anchorage, Alaska 99501

   <u>s/ Carol S. Madden</u>

1663831.1                                5