RECEIVED
MAY 1 8 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Loren J Larson Jr. pro; se.
Florence Correctional Center
P.O. Box 6200
Florence, AZ. 85232

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

Loren J Larson Jr.
    plaintiff,

v.

Alaska Dept. of Corrections
Mark Antrim Commissioner.
    defendant.
_____/
Civil No. A06-00100CV

## AMENDED CIVIL COMPLAINT

1. This is a civil action filed by Loren J Larson Jr., a state prisoner alleging violations of his State Constitutional Rights and seeking Declaratory, Injunctive and Punitive relief.

### JURISDICTION

2. This is a Civil Rights action under Alaska Constitution Art. 1ß5 and 1ß7. The Alaska Superior Court has jurisdiction under AS. 22.10.020.

### PARTIES

3. Plaintiff Loren J Larson Jr. is currently incarcerated at Florence Correctional Center.

4. Defendant Mark Antrim is the Commissioner for the State of Alaska, Dept. of Corrections. He is being sued in his personal capacity.

5. All defendants have acted "Under Color Of State Law" during all times relevant to this /c/a/s/e/ complaint.

page 1.

## FACTS

6. I Loren J Larson Jr. am a citizen of Alaska that is in the custody of the Dept. of Corrections as a prisoner that is being housed by a private corporation (CCA) in Florence Arizona.

7. The Alaska Dept. of Corrections retains full custody of me; though I am being housed in Florence Arizona by CCA.

8. The Alaska Dept. of Corrections is responsible to ensure my enforceable Constitutional Rights are protected wile I'm being housed in an Alaska prison and wile I'm being housed by CCA, a private prison in Florence Arizona.

9. On 11-2-05 in the presents of two case managers, Mr. C. Richey (Standards Officer-Alaska Unit) verbally assaulted and physically intimidated me into not filling another grievance.

10. I have not filed any grievances since 11-2-05.

11. As a prisoner that is being contractually housed by CCA, I am unable to physically remove my self from the actions and ongoing threats of Mr. Richey.

12. On 11-2-05 I sent a letter describing the assault to Mark Antrim (Commissioner of AK. Dept. of Corrections), Timothy Terrell (Ast. Att. General of AK.) and John K. Bodick (Ast. Att. General of Ak.) none of them responded.

13. On 12-11-05 I sent another letter to Mark Antrim informing him it had now been over a month since he had received my letter, but it had not been responded to. The letter also stated that I was still under a very real threat of physical harm by Mr. Richey if I filed another grievance. Mark Antrim did not personally respond to this letter.

14. On behalf of the commissioner Mark Antrim, Timothy F. Lyden sent me a letter dated 12-20-05 encouraging me to use the grievance process.

15. Timothy F. Lyden is the standards administrator for the Ak. Dept. of Corrections.

16. On 12-29-05 I sent a response letter to Mr. Lyden informing him that I was still under a very real threat of physical harm if I were to use the grievance process and that he had not provided me with any thing that showed the threat had been removed.

17. During a meeting with Ast. warden Stansel on 1-20-06, Mr. Stansel stated that Mr. Richey was not ethically wrong in verbally and physically threatening me to not file another grievance.

18. During the meeting of 1-20-06 Mr. Stansel and I agreed that he would send me a memorandum with procedures for filing future grievances that would not involve Mr. Richey.

19. On 2-7-06 Ast. Warden Stansel informed me that Mr. Lyden and the Warden of this private prison rejected Mr. Stansel and my agreement.

20. During the meeting of 2-7-06 Mr. Stansel stated that I would have to file future grievances through Mr. Richey.

21. I am still unable to file any grievances due to the verbal assault and physical intimidation Mr. Richey inflicted upon me on November 2, 2005 to make me stop filing grievances.

## CLAIMS

### FIRST CAUSE OF ACTION

22. The actions of Mark Antrim as stated in paragraphs 9,13,14,17, 19,20 and 21 violated the plaintiff's Rights to Freedom of Speech and Due Process under the Alaska Constitution Art. 1ß5 and 1ß7.

### RELIEF

23. A. Issue a declaratory judgment that Mark Antrim violated the plaintiff's Alaska Constitutional Art. 1ß5 and 1ß7 Rights when:

   1.) Mark Antrim allowed C. Richey to verbally assault and physically threaten the plaintiff to not file another grievance.

   2.) Mark Antrim continued to violate the plaintiff's rights by not providing the plaintiff with a "Threat Free" access to the grievance system.

   B. Issue an injunction ordering:

   1.) The Alaska Dept. of Corrections to immediately and safely remove the plaintiff from the presence and all conceivable association Mr. Richey could have with the plaintiff for the remainder of the plaintiff's incarceration.

   C. Order Mark Antrim to pay all cost associated with filing this Civil Action and pay One Thousand dollars per each day the plaintiff was with out, threat free access to the grievance process.

Respectfully submitted this 12th day of May, 2006.

_____
Loren J. Larson Jr. pro; se.

page 4.