Loren J Larson Jr. pro; se.
Red Rock Correctional Center
1750 East Arica rd.
Eloy, AZ. 85231

RECEIVED

OCT 1 8 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA ANCHORAGE

Loren J Larson Jr.
    plaintiff,

v.

Mark Antrim, AK. Dept.
of Corrections.
    defendants.
_____/
Case No. A06-00100CV

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff Loren J Larson Jr. is a pro; se. litigant and hereby moves for summary judgment in accordance to Federal Rules of Civil Procedure Rule 56. Summary Judgment is proper for this case as there are no genuine issues of material fact that are in dispute.

### FACTS

    On 11-2-05 at 9:00 A.M. plaintiff Loren J Larson Jr. (Larson here after) was called to the case manager's office. Upon entering a Corrections Corporation of America (CCA here after) employee Mr. Carl Richey (Standards Officer-Alaska Unit) began verbally assaulting Larson for filing grievances and specifically told Larson that he was to stop. (EX. 5,6,9,10,12,13 and 14)

page 1.

A short discussion took place about two grievances that Larson had filed and was told by Mr. Richey to stop pursuing. Grievance # 05.0617 had been denied by Mr. Richey but on appeal the director of institutions stated:

> "Mr. Larson: Your appeal has been reviewed. Your request to receive business related mail is very general (and unclear). If you have requests for specific mail that would be classified as "business mail" please submit a specific detailed request through FCC/CCA staff." (EX. 1)

Grievance #05-0670 was picked up by Mr. Richey on 11-2-06 and it concerned a photo copy of Larson's social security card and drivers license that Larson need to be able to go to outside medical (EX. 2,4, and 7)

During this short discussion, Larson tried to explain to Mr. Richey that any of the grievances that Larson had filed were over things that he was given in the Alaska prison's but CCA would not give Larson in Arizona. (EX. 5,13 and 14)

Mr. Richey's verbal assault on Larson became more violent in tone; by Mr. Richey specifically and repeatedly stating that,"Larson was a prisoner and the only thing Larson would get for the rest of his life was fresh air". (EX. 5,10,12,13 and 14)

At this point; the verbal assault escalated into a direct threat of physical harm against Larson by Mr. Richey backing Larson against the entrance door. (EX. 5 and 13)

Larson immediately typed up a letter of affidavit and sent it to the Commissioner for the Alaska Dept. of Corrections Mr. Mark Antrim,

Assistant Attorney General of Alaska Mr. Timothy Terrell and Assistant Attorney General of Alaska Mr. John K. Bodick to seek help, protection and intervention. (Ex. 5)

No response was ever given to Larson so again a letter requesting assistance and intervention was sent to Mr. Mark Antrim. (Ex. 10)

Larson's two requests for help were forwarded to Mr. Timothy Lyden by Mr. Mark Antrim for a response. (Ex. 11)

After receiving Mr. Lyden's response, Larson sent a letter detailing the seriousness and threat of physical harm Larson was under if he were to file another grievance. (Ex. 8 and 9)

On 1-20-06 at 10:50 A.M. Larson was called out to the case managers office by assistant warden Stansel (At the direction of Timothy Lyden) to discuss how this situation could be resolved. (Ex. 13,14)

During this meeting; Mr. Stansel acknowledged that Larsons concerns of being physically harmed by Mr. Richey were genuine and an agreement was made between Mr. Stansel and Larson that Mr. Richey would not be involved in any future grievances that Larson may file. (Ex. 13 and 14)

On 2-7-06 at 10:45 A.M. Larson was called to the case managers office by assistant warden Stansel to inform Larson that Timothy Lyden and the CCA warden dissolved the agreement we had previously reached on 1-20-06 (Stansel and Larson) Also Mr. Stansel informed Larson that if he wanted to file any grievances in the future, he would have to go through Mr. Richey. (Ex. 15)

**ARGUMENT**

1. The Federal Courts have slight differences from circuit to circuit but generally the Courts require the following proof:

A. That the inmate engaged in constitutionally protected conduct.

B. The prison officials took adverse action.

C. that the actions served a retaliatory purpose.

Mc Donald v hall, 610 F.2d.16,18 (1st Cir. 1979); Gayle v Gonyea, 313 F.3d 677, 682 (2nd Cir. 2000); Michell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003); Freeman v. Texas Dept. of Criminal Justice, 369 F.3d 854, 863 (5th Cir. 2004); Rhodes v. Robinson, 380 F.3d 1123, 1130 (9th Cir. 2004).

**1 A. That the inmate engaged in constitutionally protected conduct.**

Larson's utilization of the grievance process in this case is un-challengeable as to it's constitutionality. Graham, 89 F.3d at 80 ("Retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances.")

**1 B. The prison officials took adverse action.**

Mr. Richey is the standards officer for the Alaska Unit for CCA. Mr. Richey is responsible for maintaining the integrity of the grievance process but has instead made the choice to use his position of authority and physical size to intimidate Larson into not using the grievance system at all. Likewise; Commissioner Mark Antrim has overall and final responsibility to ensure prisoners have threat and retaliation free access to the grievance system. Instead Mr.

Antrim initially ignored Larson's plea for help, protection and intervention. Then after a reasonable solution was reached between assistant warden Stansel and Larson of how Larson could use the grievance system without being subject to further retaliation from Mr. Richey, Mr. Antrim dissolved the agreement and issued a directive that Larson would have to file his grievances through Mr. Richey. This action has effectively prevented Larson from filing any grievances since 11-2-05. (Ex. 16) and (Ex. 15)

**1 C. That the actions served a retaliatory purpose.**

The defendants may try to argue that Mr. Richey's actions of verbally assaulting Larson, telling Larson that he will stop filing grievances and physically backing Larson against the entrance door was within the permissible limits of Smith v. Campbell, 250 F.3d 1032, 1039 (6th Cir. 2001) ("Courts afford prison administrators wide ranging deference in their judgments needed to preserve internal order and discipline and to maintain institutional security.")

This argument would be a perversion of what the Courts have intended. Mr. Richey's actions had nothing to do with legitimate discipline or institutional security. Mr. Richey's actions were un-arguably retaliatory and done to stop Larson from using the grievance system. Likewise Mr. Antrims actions continue to serve a retaliatory purpose. Mr. Antrim had full knowledge of the physical danger Larson would be subject to if he filed another grievance. Mr. Antrim had full knowledge that a reasonable solution was reached

between Larson and assistant warden Stansel. This agreement protected Larson and gave Larson threat free access to the grievance system. Mr. Antrim chose to dissolve the agreement and force Larson to go through Mr. Richey if he wanted to file any future grivances. To this day, Mark Antrim's retaliatory actions have stopped Larson from being able to use the grievance system. (Ex. 6,9,10,12 and 15)

## CONCLUSION

The Alaska Department of Corrections and Commissioner Mark Antrim continue to violate Larson's First and Fourteenth Amendment Constitutional Rights by not affording Larson threat free access to the prison grievance system. Larson is unable to physically **separate** himself from the retaliatory reach that Mr. Richey has within the CCA prison system. Therefor this Court should issue an order that compels The Alaska Dept. of Corrections and Commissioner Mark Antrim to remove Larson from the CCA prison system so Larson will have threat free access to the grievance process.

Respectfully submitted this 9th day of October, 2006.

_____
Loren J Larson Jr. pro; se.

I certify that on 10-9-06
a copy of this motion and
it's attachments were mailed
to Michael D. Cory, Danial P.
Struck and Jennifer L. Holsman
at their address of record.

_____
Loren J Larson Jr. pro; se.

page 6.