Loren J Larson Jr. pro; se.
Red Rock Correctional Center
1750 East Arica rd.
Eloy, AZ. 85231

RECEIVED

OCT 24 2006

CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA AT ANCHORAGE

Loren J Larson Jr.
    plaintiff,

v.

Alaska Dept. of Corrections
Mark Antrim Commissioner.
    defendant.
_____/
Civil No. A06-00100CV

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

On 10-9-06 plaintiff filed a motion for summary judgment with this Court in accordance with FED.R.CIV.P. 56.

On 10-11-06 the defendant Mark Antrim filed a motion to dismiss under FED.R.CIV.P. 12(b)(6).

Plaintiff is a prisoner and a pro; se. litigant with no formal training in matters of law. Plaintiff has read FED.R.CIV.P. 12(b)(6) several times and it would appear to his understanding that this particular rule would be more inclined to have the defendant's motion to dismiss; be converted into a cross-motion for summary judgment, rather than dismiss plaintiff's case merely on the face of the pleading. (Samara v. United States, C.C.A.2, 1942, 129 F.2d 594, certiorari denied 63 S.Ct.258, 317 U.S. 686, 87 L.Ed. 549; Boro Hall Corp. v. General Motors Corp., C.C.A.2. 1942, 124 F.2d 822, certiorari denied 63 S.Ct. 436, 317 U.S. 695, 87 L.Ed. 556.

Plaintiff believes that the:

> "facts that connect Antrim to: (1) the alleged verbal assault of physical threat by Carl Richey; (2) Carl Richey's actions as a CCA employee in Arizona; or (3) how Mark Antrim failed to provide a "threat free" grievance system at Florence Correctional Center, a contract facility with Corrections Corporation of America." (Defendant's motion page 2.)

are discussed in his motion for summary judgment that has already been filed and is before this Court. Thus it is proper for the defendant's motion to dismiss to be converted into a cross-motion for summary judgment in accordance to FED.R.CIV.P. 12(b)(6).

Plaintiff would also like to address something else about the defendant's motion that seems extraordinarily odd or out of place.
1. the defendant has used three cases to support their motion to dismiss; but these cases are State of Alaska Court System specific, not Federal. (Defendant's motion to dismiss page 2 and 3)
2. The defendant also states:

> "Should this case be remanded to Superior Court, Defendant intends to file a Motion to Dismiss based upon lack of subject matter jurisdiction pursuant to the Court's holding in Hertz v. Carothers, 784 P.2d 659, 660 (Alaska 1990) ( the superior court does not ordinarily have jurisdiction over appeals from prison grievance proceedings). (Defendant's motion page 2)

Plaintiff does not understand why the defendant would say such things when this Court has already denied plaintiff's motion to remand on September 28, 2006. It would appear that the defendant is asking this Court to issue an order **Sua Sponte** that would remand this case back to the Alaska State Court Jurisdiction under AS. 22.10.020.

## CONCLUSION

For all of the reasons given, the defendant's motion to dismiss should be converted into a cross-motion for summary judgment. It is also noted that the defendant is still under the impression that this case may be remanded back into the Alaska Court System. If this is the case, the plaintiff has no objections to this being done as this has been the intent of the Plaintiff all along.

Respectfully submitted this 16Th day of October, 2006.

_____
Loren J Larson Jr. pro; se.

I certify that on 10-16-06
a copy of this opposition
was mailed to Michael D. Cory,
Danial P. Struck and Jennifer L.
Holsman at their address of record.

_____
Loren J Larson Jr. pro; se.

page 3.