Michael D. Corey
ABA#8511130
SANDBERG, WUESTENFELD & COREY
701 W. 8th Avenue, Suite 100
Anchorage, Alaska 99501
Phone:(907)276-6363
Fax:  (907)276-3528
E-Mail:      mdc1@aol.com

Daniel P. Struck
AZBar #012377
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona  85012
Telephone No.:(602) 263-7323
Facsimile No.:(602) 200-7811
E-Mail:      dstruck@jshfirm.com

Attorneys for Defendants, *Antrim and
  Alaska Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| Loren J. Larson Jr.,<br><br>                                  Plaintiff,<br><br>     v.<br><br>Alaska Dept. of Corrections, Mark Antrim Commissioner of Alaska Dept. of Corrections,<br><br>                                  Defendants. | NO. A06-00100CV (TMB) |

**DEFENDANT MARK ANTRIM AND ALASKA DEPARTMENT OF CORRECTIONS'
REPLY IN SUPPORT OF MOTION TO DISMISS**

      Defendants, Antrim and the Alaska Department of Corrections ("ADOC"), through counsel, submit this Reply in Support of their Motion to Dismiss. Defendants' Motion to Dismiss must be granted because: (1) Plaintiff failed to state a claim upon

which relief can be granted in his Amended Complaint filed September 28, 2006; and (2) Plaintiff has conceded the dismissal of this action.

This Reply is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL AND FACTUAL BACKGROUND.

Plaintiff initially filed his Complaint against Mark Antrim and the ADOC on March 30, 2006 in the Alaska Superior Court. In Plaintiff's Complaint, he asserted that his constitutional rights to freedom of speech and due process had been violated. Due to Plaintiff's alleged federal claims, Defendants removed this case to Federal Court on April 28, 2006.

Plaintiff subsequently filed a motion to withdraw his federal claims, amend his complaint and remand the case to the Alaska Superior Court. On September 28, 2006, the Court entered an Order denying Plaintiff's Motion for Remand, but granting Plaintiff's Motion to Amend Complaint.

Plaintiff filed his Amended Complaint on September 28, 2006. In his Amended Complaint, Plaintiff asserts violations of his right to freedom of speech and due process under the Alaska State Constitution. There are no alleged violations of federal law contained in Plaintiff's Amended Complaint.

On October 11, 2006, Defendant Antrim filed a Motion to Dismiss Plaintiff's Amended Complaint because Plaintiff failed to assert a *prima facie* case of negligence against the Defendants. Defendant Alaska Department of Corrections joined Defendant Antrim's Motion to Dismiss on October 30, 2006.

Plaintiff then filed a Motion for Summary Judgment regarding his federal claims on October 18, 2006. Defendants filed a Response to that Motion on October 27, 2006.

## II.   LEGAL ARGUMENT

### A.   Plaintiff's Amended Complaint Fails to State a Claim.

Plaintiff's Amended Complaint alleges that Defendant Antrim is liable for violating his right to due process and freedom of speech under the Alaska State Constitution. Plaintiff's Amended Complaint, however, fails to plead facts that connect Defendant Antrim or the ADOC to: (1) the alleged verbal assault or physical threat by Carl Richey; (2) Carl Richey's actions as a CCA employee in Arizona[1]; or (3) how Mark Antrim failed to provide a "threat free" grievance system at Florence Correctional Center, a contract facility with Corrections Corporation of America.  Because Plaintiff failed to state a causal connection between Defendant Antrim and the alleged unlawful conduct of CCA employee Carl Richey, he has failed to state a legally compensable claim against Defendant Antrim or the Alaska Department of Corrections.[2]  Accordingly, Plaintiff's Amended Complaint must be dismissed pursuant to FED.R.CIV.P. 12(b)(6).

### B.   Plaintiff Concedes Dismissal of Lawsuit.

Pursuant to D. AK. LR 7.1(d)(1): "failure to include proper materials in support of, or in opposition to, a motion as required by this rule subjects the motion to summary ruling by the court (1) If the failure is by the moving party, it may be deemed an admission that the motion is without merit, and, if by the opposing party, that the motion is well taken."

In this case, Plaintiff failed to address any of the claims made in Defendants' Motion to Dismiss. Accordingly, this Court should treat Plaintiff's failure to respond as consent to granting judgment as a matter of law on the claims.

---

[1] Neither Carl Richey nor CCA are named defendants in this matter.

[2] *See Lyons v. Midnight Sun Transp. Servs., Inc.,* 928 P.2d 1202, 1204 (Alaska 1996) (*citing Alvey v. Pioneer Oilfield Servs., Inc.,* 648 P.2d 599, 600 (Alaska 1982) (to establish the tort of negligence, the elements of duty, breach of duty, causation and harm must be established).

### III. CONCLUSION.

Based on the foregoing, Defendants' Motion to Dismiss must be dismissed must be granted.

RESPECTFULLY SUBMITTED this 3rd day of November, 2006.

JONES, SKELTON & HOCHULI, P.LC.

BY  s/ Daniel P. Struck
Daniel P. Struck
AZBar #012377
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Phone: (602) 263-7323
Fax: (602) 200-7811

SANDBERG, WUESTENFELD & COREY
Michael D. Corey
ABA#8511130
701 W. 8th Avenue, Suite 1100
Anchorage, Alaska 99501
Phone: (907)276-6363
Fax: (907)276-3528
E-Mail mdc1@aol.com
Attorneys for Defendants

Attorneys for *Antrim and Alaska Department of Corrections*

The foregoing e-filed with the
United States District Court,
District of Alaska, this 3rd day of
November, 2006.

Copy of the foregoing mailed even date to:

Loren J. Larson, Jr.
Red Rock Correctional Center
1750 East Arica Road
Eloy, Arizona  85231

      s/ Carol S. Madden