IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LOREN J. LARSON, JR., <br><br>            Plaintiff, <br><br> vs. <br><br> ALASKA DEPT. OF CORRECTIONS, MARC ANTRIM, COMMISSIONER, <br><br>            Defendants. | Case No. 3:06-cv-100-TMB <br><br><br> ORDER OF REMAND |

On March 8, 2006, Loren J. Larson, Jr., representing himself, filed a civil rights complaint in the Superior Court for the State of Alaska, seeking declaratory and injunctive relief, as well as $1,000 per day for the time Mr. Larson was allegedly prevented, by intimidation, from filing grievances, in violation of his state and federal constitutional rights.[1] On April 28, 2006, the defendants removed this case to federal court.[2] Mr. Larson filed an amended complaint, in this Court, on September 28, 2006, alleging violations of the Alaska State Constitution, and again requested

---

[1] *See id.*, Exhibit B.

[2] See Docket No. 1.

injunctive and declaratory relief, as well as $1,000 per day for failing to provide threat-free access to the grievance process.[3]

The defendants have moved to dismiss the amended complaint, stating that Mr. Larson has failed to state a claim.[4]  Defendants state that, in his amended complaint, Mr. Larson "asserts violations of his right to free speech and due process under the Alaska State Constitution.  There are no allegations of violations of federal law."[5] Defendants also query whether Mr. Larson may have amended his complaint in order to have the case remanded to state court,[6] and, as Mr. Larson notes, they contend that "[s]hould this case be remanded to Superior Court, Defendant intends to file a motion to dismiss based upon lack of subject matter jurisdiction pursuant to the Court's holding in *Hertz v. Carothers*, 784 P.2d 659, 660 (Alaska 1990) (the superior court does not ordinarily have jurisdiction over appeals from prisoner grievance proceedings."[7]

---

[3] *See* Docket No. 36.

[4] *See* Docket Nos. 39, 44.

[5] Docket No. 43 at 2.

[6] *See* Docket No. 39 at 2, n. 1.

[7] *Id.*; Docket No. 42 at 2 (Mr. Larson's response).  The defendants are cautioned, however, that Mr. Larson did not bring this action as an appeal of a grievance, but as an action based upon the denial of his due process rights, through his allegations that the defendants have allowed a system at the prison with which they contract, whereby Mr. Larson has been prevented from filing grievances through intimidation.  *See* Docket No. 36.  *Compare Hertz*, above, where the plaintiff was dissatisfied with the results of his grievance procedure, when the institution charged a 5%

Because all parties agree that there are no longer any federal claims in this action, and they all contemplate a remand to state court,[8] the Court will so remand.

**IT IS HEREBY ORDERED:**

1. This action is REMANDED to the Superior Court for the State of Alaska, Third Judicial District at Anchorage;

2. All pending motions are MOOT; and

3. This case is CLOSED.

DATED this 14th day of November, 2006, at Anchorage, Alaska.

/s/TIMOTHY M. BURGESS
United States District Judge

---

handling fee for individual inmate commissary orders, and appealed that result to the state courts, with *Brandon v. State*, 73 P.3d 1230, 1233 (Alaska, 2003) ("We have previously held that we have jurisdiction to review DOC administrative decisions which implicate an inmate's procedural due process rights."). *See also Tucker v. State*, 721 P.2d 639 (1986) (due process rights are implicated when intimidation is at work).

[8] *See* Docket Nos. 39 at 2, n. 1, 42 at 3, 43 at 3, 44.